UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY L. VINYARD,<br><br>    Defendant. | Case No. 05-cr-40065-JPG |

### AMENDED MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on the government's motion to stay district court proceedings pending appeal (Doc. 165). Though defendant Jerry Vinyard (Vinyard) has not responded, the Court is prepared to rule.

### BACKGROUND

This Court orally sentenced Vinyard to 240 months' imprisonment on May 3, 2007. The next day, it released Vinyard on bond pending his designation by the Bureau of Prisons. (Doc. 149). Counsel for the government filed a notice of appeal of this Order on May 7, 2007, and, two days later, moved to stay Vinyard's release pending a ruling from the Seventh Circuit Court of Appeals. (Doc. 152, 155). This Court, in turn, on its own motion, vacated Vinyard's oral sentence, vacated his guilty plea, and appointed him new counsel. It set the case for a hearing on June 14, 2007. (Doc. 156).

On June 5, 2007, counsel for the government filed a notice of appeal of the Court's order vacating Vinyard's sentence and plea. (Doc. 164). The same day, counsel filed the motion now before the Court. "Given the quick approach of [the] June 14th [hearing]" counsel for the government filed an "Emergency Motion to Stay District Court Proceedings" in the appellate

court on June 12, 2007.  *United States v. Vinyard*, No. 07-2304 (7th Cir. 2007).

Counsel for the government recognizes in his brief that his filing of a notice of appeal divests this Court of jurisdiction over the case, *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987), but because the Court previously set the hearing on June 14th, he felt it necessary to file his emergency motion with the appellate court.

## ANALYSIS

The Court recognizes the effect of counsel's appeal and, for that reason, **GRANTS** his motion to stay and **CANCELS** the hearing set for June 14th.  Given the jurisdictional divestiture accomplished by the filing of the notice of appeal, the Court questions the need for a motion to stay in this Court and an emergency motion in the appellate court – apparently the Court acts too slowly in managing its calendar for counsel's liking.  In any event, the Court now takes this opportunity to expound upon its rationale for vacating Vinyard's conviction and plea.

As it explained in its May 10th Order, "Upon reflection of the colloquy this Court had with Defendant at his sentencing hearing and the concern in the mind of the Court as to whether [he] knowingly and voluntarily agreed to the findings contained in the presentence report as [they] relate[] to relevant conduct, this Court went back and reviewed the transcript of the sentencing hearing."  (Doc. 156 at 1).  After reviewing the sentencing transcript and the transcript of Vinyard's plea hearing, the Court realized that it "failed to follow the procedural dictates of § 851(b) and (c) in that [it] failed to inform [Vinyard] of his opportunity to challenge the prior conviction which the Government used to enhance the Defendant's sentence."  (*Id.*).  Because the conviction upon which counsel for the government relied was 22 years old, the Court concluded that its failure to warn Vinyard of his rights posed due process problems, "[n]otwithstanding [the] provisions of § 851(e) . . . and [*United States*] *v. Arango-Montoya*, 61

2

F.3d 1331 (7th Cir. 1995)." (*Id*. at 2). The Court's review of the sentencing hearing transcript solidified its belief that Vinyard wanted to challenge portions of his relevant conduct. It appeared then, and appears now, quite likely that Vinyard did not "knowingly and voluntarily agree[] to the relevant conduct contained in the presentence report." *Id*. "In an effort to be overly cautious and to make sure [Vinyard's] procedural rights are protected so as not to have this case come back" before the Court, the Court granted the relief described above. *Id*. at 3.

Despite the fact that the Court did not enter a written judgment in this case, counsel believes that, given Rule 11(e) of the Federal Rules of Criminal Procedure and the Seventh Circuit's decision in *United States v. Ogden*, 102 F.3d 887 (7th Cir. 1996), Vinyard's "plea may be set aside only on direct appeal or collateral attack." As counsel has reminded this Court and the Court of Appeals, the question is most assuredly one for the Court of Appeals to make. Certain aspects of this case, however, merit further comment.

As an oath-bound representative of the federal government, the Court is puzzled why an Assistant United States Attorney would not be interested in making sure the constitutional, procedural, and substantive rights of every defendant are protected – especially in the case of man facing a mandatory minimum sentence of twenty years, which given his age, will likely be a life sentence.

Even a casual review of the transcript of the sentencing hearing clearly shows that Vinyard was troubled by the relevant conduct calculation and wanted to contest it. At his pragmatic best, counsel for the government told Vinyard at the sentencing hearing that there was no realistic possibility that his relevant conduct figure would be less than 500 grams. This, of course, is not the point. If Vinyard did indeed wish to contest his relevant conduct, he had a right to do so. Unfortunately, this Court went along with counsel for the government and

counsel for Vinyard and helped prevent Vinyard from exercising his rights under the law. The atmosphere in the courtroom during these proceedings was confusing, hasty, and, at times, chaotic. The expression on the defendant's face alone should have been enough to tell the Court to stop the proceedings and continue the sentencing hearing. While the Court granted Vinyard a short break to consult with his attorney, it should have continued the sentencing hearing and allowed him to pursue his objections. The Court encourages the Court of Appeals to review the sentencing transcript, which the Court has attached to this Order.

Perhaps more troubling was this Court's failure to inform Vinyard, as required by the statute, of his right to challenge his prior conviction. While the Court admits that it does not habitually make this warning in its sentencing hearings, the statute directs courts to do so to make sure that a defendant waives his right to challenge his prior conviction knowingly and intelligently. In 99% of cases, the Court's failure to warn is probably harmless error – the Court has not seen the issue raised in an appeal of one of its cases. This case, however, might well be within that 1% where its failure to provide the required warnings makes a real difference.

Never in its nearly 15 years on the federal bench has this Court seen a § 851 enhancement based on a 22-year-old conviction, where the gap between the first conviction and the case before it reveals an unblemished record. It appears Vinyard lived a law-abiding life during the more than two decades between his run-ins with the law. The Court does not, of course, think the law forbade counsel for the government from filing the § 851 enhancement in this case. The decision was discretionary, and counsel for the government felt the enhancement appropriate. Counsel for the government can do a lot of things in his vast prosecutorial discretion. The Court nevertheless feels compelled to question the exercise of his discretion in this instance, when it appears the only thing in common between the prior conviction and the

case at bar is that the drugs involved both begin with the letter M.

As the Court noted in its Order of May 10th, notwithstanding the provisions of § 851(e), it is possible that Vinyard could have raised colorable constitutional arguments against the time limitation in § 851(e). It is likely he will lose if he chooses to make these arguments, but shouldn't he have the opportunity to try? While even less likely to succeed, it is possible Vinyard could mount an Eighth Amendment claim against the application of an enhancement under § 851 given the unique circumstances of his case. *See Hart v. Coiner*, 483 F.2d 136, 139 (4th Cir. 1973). *But see Hutto v. Davis*, 454 U.S. 370, 373 (1982).

Few sentencings have bothered the Court more than this one – it has caused the loss of sleep and was an unwanted distraction at the Circuit conference in Milwaukee. After giving it a lot of thought, the Court is convinced it was wrong. The May 10th Order was the product of this worry; it was a do over, a mulligan. Will redoing the plea and sentencing make a difference? Most likely not, but futility does not relieve the Court of its obligation to make sure Vinyard's constitutional, substantive, and procedural rights were protected. In this case, they were not, and Vinyard has the right to challenge his relevant conduct and § 851 enhancement if he chooses.

The Court is left to question what counsel for the government is afraid of. Isn't the government supposed to make sure that each defendant's rights are fully protected during criminal proceedings? What harm comes to the government from redoing the plea and sentencing? There is nothing more fundamental to our system of justice than making sure each and every right of a defendant is protected.

Counsel for the government does not believe that this Court had the right to set aside Vinyard's oral sentence. Though counsel may be right, the Court notes that it has observed the Seventh Circuit withdraw both opinions and mandates before, for what it is sure are good

reasons.

If the Court of Appeals orders the Court to sign the judgment, it will, of course, follow its directive.

## CONCLUSION

The Court **GRANTS** counsel's motion to stay (Doc. 165) and **CANCELS** the hearing set for June 14th.

**IT IS SO ORDERED.**

**DATED: June 13, 2007**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**