**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 05-CR-40065-JPG |
| | ) | |
| JERRY L. VINYARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on remand from the United States Court of Appeals pursuant to a writ of mandamus for imposition of sentence. *United States v. Vinyard*, 539 F.3d 589, 595 (7th Cir. 2008).

A brief review of the procedural background is in order. The defendant pleaded guilty on November 7, 2006, to Count 1 of the Indictment, and on May 3, 2007, United States District Judge J. Phil Gilbert imposed a sentence of 240 months on Count 1 and a 10 year term of supervised release, a fine of $250.00 and a special assessment of $100.00. On May 10, 2007, Judge Gilbert vacated the sentence and placed the defendant on unsecured bail in the amount of $5,000. The government filed a notice of appeal and the Court, thereafter, appointed new counsel, and directed the defendant to surrender to the United States Marshal. The government, thereafter filed a request for issuance of a writ of mandamus in the Court of Appeals. The Court of Appeals granted that writ and found:

> The district court committed patent error in its application of Rules 11(e) and 35(a), and the Government has demonstrated irreparable harm arising from those errors. We therefore GRANT the petition to issue a writ of *mandamus* and VACATE

> the district Court's May 10 *vacatur* of the plea and sentence. We
> further ORDER that the judgment be entered pursuant to the
> May 3, 2007 sentence pronounced by the district court, and
> DISMISS the Government's appeal as unnecessary.

*Vinyard,* 539 F.3d at 595. Therefore, the sentence which was imposed has been reinstated in this Court pursuant to the directives of the Court of Appeals. (See docket entry for Doc. 148.) Judge Gilbert recused in this case and it was reassigned to this Judge. (Doc. 177).

The defendant has now filed a motion to withdraw his guilty plea (Doc. 196). In the motion the defendant asserts that he can show a fair and just reason for withdrawing his plea because he received ineffective assistance of counsel, particularly with respect to the objections to the pre-sentence report. The defendant asserts that he was not afforded sufficient opportunity to review the PSR prior to sentencing and had objections to his relevant conduct calculations. He asserts that because this matter was remanded for sentencing, he should be allowed to withdraw his guilty plea rather than be forced to proceed on a habeas review pursuant to 28 U.S.C. § 2255.

The government has objected to the defendant's motion (Doc. 201), asserting that pursuant to Fed. R. Crim. P. 11(e), a guilty plea may not be withdrawn after the Court imposes sentence and may only be set aside on direct appeal or on collateral attack. Furthermore, the government asserts that the mandate of the Seventh Circuit was clear, that this Court's only task is to enter judgment on the sentence.

The defendant asserts that the Court should follow the Seventh Circuit's ruling in *United States v. Bonner*, 440 F.3d 414 (7th Cir. 2006), and re-open the entire sentencing proceeding, including allowing him to withdraw his guilty plea. The Court **FINDS**, however, that the

2

defendant's reliance on *Bonner* is misplaced. *Bonner* involved a limited *Paladino*[1] remand from the Court of Appeals for the district court to determine whether it would, after *United States v. Booker*, 543 U.S. 220 (2005), impose the same or a different sentence 440 F.3d at 415-16. The original sentencing judge was unavailable, therefore, the Court of Appeals determined that it was appropriate in that limited circumstance to vacate the defendant's sentence and remand for a new sentencing proceeding to afford the newly assigned sentencing judge a "blank page," *id*. at 417, to complete that sentencing inquiry, including the ability to review the entire record, including "consider[ing] additional evidence, including witness testimony, hear from the defendant if he or she desires, and hear arguments from the defense and prosecution alike." *Id.* The *Bonner* court noted that this was an "unusual and rare circumstance," *id.* that required this approach.

The defendant notes that this case, too, presents a rare and unique circumstance, and that the underlying plea is suspect and this Court should be, under *Bonner*, afforded the opportunity for a blank slate to determine whether the plea was valid and whether the defendant's relevant conduct was properly determined. Although the Court agrees that this is an unusual scenario, this case simply does not present a *Bonner* situation. This is not a remand for re-sentencing, it is very simply a mandamus directing the Court to enter judgment on the sentence. The Court of Appeals quite clearly ordered that the sentence imposed by Judge Gilbert on May 3, 2007, was to be reinstated and that judgment be entered on that sentence. *Vinyard*, 539 F.3d at 595. "Unusual" and "rare" are terms that certainly do describe this situation, but the key terms here are those found in the directives the Court of Appeals gave to this Court in the opinion itself. "We further ORDER that judgment be entered pursuant to the May 3, 2007 sentence pronounced by the

---

[1]*United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005)

district court. . . ."

In light of the nature of the limited remand in this case, the Court **FINDS** that the mandate of the Court of Appeals is specific and limits this Court's discretion to grant relief. Accordingly, pursuant to that mandate, and to the provisions of Rule 11(e), this Court **FINDS** that it cannot grant the relief that the defendant seeks, and therefore **DENIES** the defendant's motion to withdraw his guilty plea. The Court notes that the defendant is not without remedy as he may challenge his plea on direct appeal of this sentence, or on habeas review.

**IT IS SO ORDERED.**

**DATED: May 20, 2009.**

                                                s/ WILLIAM D. STIEHL
                                                          **District Judge**